# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| REBECCA CRANDALL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | No. C06-3015-PAZ<br><br>**ORDER** |

_____

　　　　The defendant has filed a motion (Doc. No. 16) asking the court to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). The defendant basically attempts to reargue the case, asserting the court was incorrect in determining the plaintiff was disabled from and after March 4, 2004. The defendant restates her rendition of the plaintiff's medical history from the defendant's brief on the merits, and argues that even though the plaintiff's doctor visits increased after March 2004, "the minimal findings on objective examinations do not demonstrate that any increase in treatment and/or symptoms was to a disabling level."

　　　　As evidenced by the court's opinion in the case, the court disagrees. The record shows that although the plaintiff experienced some relief in her symptoms from various treatments, the relief was short-lived. For example, the improvement noted by the defendant which the plaintiff experienced from epidural steroid injections lasted only a few weeks, at best, and the frequency of those injections was limited. The record further demonstrates the plaintiff's treating and consulting physicians recognized that she was in ongoing pain, and she would be a candidate for surgical intervention but for the fact that the surgery itself was risky and required a long, difficult recovery. The court will not

engage in a comprehensive rehashing of the plaintiff's medical history. The record is replete with further evidence that the plaintiff's symptoms continued to increase after March 2004.

The defendant further argues, in the alternative, that rather than entering judgment for the plaintiff, the court should have remanded the case for further proceedings. The plaintiff in this case filed her application for benefits in August 2002. She went through the full administrative process, including two ALJ hearings, before coming to this court for judicial review. The defendant had ample opportunity to obtain further consultative examinations of the plaintiff or to request further information and failed to do so. Furthermore, the ALJ, during the hearing, exhibited impatience with the plaintiff's presentation of her evidence, and submitted a cursory written decision in the case that failed even to discuss the plaintiff's relevant medical history in any detail. "Notwithstanding and recognizing the time pressures imposed upon those hearing the huge volume of such claims, rudeness, impatience, or outright bias cannot be tolerated." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). In the present case, the court found that because the record itself convincingly established disability, and further hearings would merely delay receipt of benefits, it was appropriate to enter an order granting benefits immediately, without remand for further proceedings. The defendant has failed to convince the court otherwise.

Furthermore, as the plaintiff notes in her resistance (Doc. No. 17), the defendant has failed to meet the requirements for amendment or alteration of the judgment under Rule 59(e). *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (Rule 59(e) motion serves "limited function of correcting manifest errors of law or fact or to present newly discovered evidence"). The court has broad discretion in determining whether or not to grant a Rule 59(e) motion to alter or amend a judgment. *Id.* The court's decision on a Rule 59(e) motion is

reviewed for abuse of discretion, and is reversed only if the judgment was "based on clearly erroneous factual findings or erroneous legal conclusions." *Id.* (citations, internal quotation marks omitted).

The motion to alter or amend judgment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 11th day of January, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT